BRYAN SCHWARTZ LAW, P.C.
Bryan Schwartz (SBN 209903)
Erica Posey (SBN 356109)
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Tel. (510) 444-9300
Fax (510) 444-9301
Email: bryan@bryanschwartzlaw.com
erica@bryanschwartzlaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION, and CHEVRON GLOBAL TECHNOLOGY SERVICES CO.<br><br>Defendants. | Case No. 3:25-cv-04534<br><br>**PLAINTIFF'S [PROPOSED] REPLY ISO ADMINISTRATIVE MOTION TO PROCEED UNDER A PSEUDONYM**<br><br>**Concurrently filed with:**<br><br>1. Administrative Motion for Leave to File Reply to Defendant's Opposition to Motion to Proceed under Pseudonym<br>2. Declaration of Erica Posey (1)Plaintiff's Reply ISO Administrative Motion to Proceed Under a Pseudonym and (2) Plaintiff's Administrative Motion For Leave to File Reply<br>3. [Proposed] Order Granting Leave to File Reply to Defendant's Opposition to Motion to Proceed under Pseudonym |

Plaintiff respectfully requests the Court accept this brief reply in response to Chevron's Opposition to Plaintiff's Administrative Motion to Proceed Under a Pseudonym.

## I. PLAINTIFF'S PRIOR EFFORTS TO PRESERVE THE CONFIDENTILIATY OF HIS MINOR CHILDREN'S SENSITIVE INFORMATION CANNOT BE GROUNDS TO EXPOSING THEIR IDENTITIES AND MEDICAL INFORMATION HERE

The crux of Chevron's opposition is that because Plaintiff brought an action in his name—in Russian—in a remote regional court in Kazakhstan and filed a non-public complaint with the accreditation body governing the Dostyk American International School ("DAIS"), he has failed to take steps to maintain that information as private. But Chevron does not contend either complaint is publicly available, and they are not. ***And both complaints sought to prevent DAIS's continued illegal dissemination of Plaintiff's children's confidential data to third parties***. Chevron's own evidence reveals this. *See* Declaration of Megan Lawson ("Lawson Decl."), Dkt. 16-1, Ex. A at 7 (Prayer for Relief #1 seeking to stop the illegal disclosure of personal data related to Plaintiff and his minor children); Exh. C at 3 (complaining to the accreditation body that the school director shared highly confidential personal data about Plaintiff's minor children with Plaintiff's employer without his consent and against his instructions.).

Chevron's theory, therefore, is that because Plaintiff took steps to protect the confidentiality of his children's sensitive data and to stop DAIS's disclosure thereof, in violation of law, DAIS's own policy, and their standards of accreditation, he has failed to maintain the privacy of the data he seeks to protect in this motion.

If anything, Plaintiff's aggressive efforts to protect his children's confidentiality and privacy, including hiring counsel and litigating in Kazakhstan, underscores the seriousness of the concerns Plaintiff maintains over the confidentiality of his children's sensitive information, the same concerns motivating this motion to proceed pseudonymously.

Moreover, Chevron's opposition seems to equate a civil action in a regional court in Kazakhstan, and a non-public whistleblower complaint with an accreditation body, to filing a federal action in the United States where Plaintiff's child's initials and sensitive information would be readily available on Pacer. They are not equivalent. In fact, Chevron does not argue, and Ms. Lawson does not declare, that Plaintiff's complaint in the Atyrau Regional court is publicly

available or how Chevron obtained it, *see* Lawson Decl. at ¶ 6. Even if it were, it is in Russian, requiring Chevron to engage a translator to understand what is disclosed with respect to Plaintiff or his children. *Id*. Ms. Lawson cites to the decision from that proceeding, which she claims on "personal knowledge" is publicly available, although she does not state where or how she obtained it. Lawson Decl. at ¶ 6, Ex. B. That decision addresses a jurisdictional issue of Plaintiff's ability to pursue claims as a non-resident. It does not identify medical conditions associated with Plaintiff's children or contain any additional private information about Plaintiff and his family beyond their names. *Id.* at Ex. B. Similarly, Chevron does not argue or declare that the grievance Plaintiff sent to the accreditation body is publicly available. It is not.

The failure to proceed anonymously in non-public fora does not preclude a plaintiff from proceeding under a pseudonym in federal court. The EEOC precludes filing a charge anonymously, *see* "Confidentiality," EEOC, last accessed June 3, 2025, https://www.eeoc.gov/confidentiality, but employment law claimants are not automatically barred from proceeding pseudonymously in federal courts. Plaintiff cites to numerous employment law cases granting motions to proceed under a pseudonym in his motion. Admin Motion, Dkt. 5 at 5.

As Chevron's opposition and evidence in support reveals, Plaintiff has taken consistent and substantial measures to preserve the confidentiality of his children's sensitive information, including well before this action was filed. That behavior is consistent with a well-founded fear of the harm and embarrassment that may befall his children if Plaintiff is publicly associated with them and their sensitive information.[1]

II. **CHEVRON'S TRUE INTENT IS TO SHIELD ITS DISCRIMINATORY POLICY AND PRACTICES FROM SCRUTINY**

Chevron's motive in opposing Plaintiff's motion is not to promote the public's interest in

---

[1] Chevron claims, without support, that an ASD diagnosis, if disclosed, is unlikely to subject Plaintiff's child to stigma, but then curiously cites to a case unrelated to ASD. Chevron Opposition at 4:21-23. Chevron also claims it is unlikely middle schoolers in Washington State will learn about a federal action in California, without acknowledging the indelible nature of federal court proceedings that will persist in the public domain for decades to come.

- 2 -
PLAINTIFF'S REPLY ISO ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

1   transparency of court proceedings.  It is the opposite and is intended to cloak its conduct from
2   scrutiny by discouraging similarly situated employees from coming forward, and by obscuring the
3   full picture of their own discrimination from the public.
4         Plaintiff has alleged that Chevron discriminated against him by denying him benefits based
5   on his association with his disabled child, and subsequently retaliated against him when he raised
6   concerns that the denial of these benefits as a matter of course for employees with disabled children
7   violated the law. Complaint, Dkt. #1 at ¶ 2.  Chevron's opposition to Plaintiff's motion will likely
8   have a chilling effect on other employees adversely affected by Chevron's discrimination—warning
9   those employees that bringing a complaint risks exposing their young children to adverse publicity,
10  harassment, ridicule, and personal embarrassment.  This is precisely what the Ninth Circuit has
11  concluded proceeding pseudonymously was intended to avoid.  *See Does I-XXIII v. Adv. Textile*
12  *Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000) ("Employee suits to enforce their statutory rights benefit
13  the general public."); *see also Roes 1-2 v. SFBSC Mgmt.*, 77 F. Supp. 3d 990, 997 (N.D. Cal. 2015)
14  (citing *Adv. Textile Corp.*, "[P]ermitting [employment] plaintiffs to use pseudonyms will serve the
15  public's interest in this lawsuit by enabling it to go forward." (citations omitted).
16        Chervon's proposal to sanitize the Complaint by redacting information as to the nature of the
17  disabilities at issue serves Chevron's interests, but not the public's.  The conduct at issue in this
18  litigation is Chevron's—not Plaintiff's—and relates to Chevron's illegal and discriminatory denial
19  of the benefits of Plaintiff's employment and subsequent retaliation.  It is happenstance that Plaintiff
20  was the victim of Chevron's conduct and is forced to bring this action. The public interest is served
21  by placing the key facts and evidence of Chevron's conduct in the public record; awareness of
22  Plaintiff's or by extension his minor child's identity does not obstruct the public's view of the issues
23  at stake in this litigation: "The basic facts of the plaintiffs' employment and the [employer's]
24  challenged conduct, the court's reasoning, and the resulting interplay of those things . . . will be
25  open to the public. And that is the crucial thing." *SFBSC Mgmt.*, 77 F. Supp. 3d at 996.

### III. CHEVRON MISSTATES THE STANDARD APPLICABLE TO PLAINTIFF'S MOTION

Chevron wrongly asserts the five-part balancing test of *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010) applies here, and then argues Plaintiff fails to satisfy that standard. It does not apply here. As outlined in Plaintiff's Motion, the Ninth Circuit applies a three-factor test in assessing whether to allow a plaintiff to proceed under a pseudonym, balancing "the [moving] party's need for anonymity . . . [against the] prejudice to the opposing party and the public's interest." *Adv. Textile Corp.*, 214 F.3d 1068. In a subset of cases where the plaintiff claims a fear of retaliation resulting from filing the suit itself – either from an employer or, in the case of *Kamehameha*, members of the community – additional factors are considered. *See id*. ("[I]n cases where, as here, pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation.") (internal citations omitted).

Plaintiff's motion is brought due to the need to "preserve privacy in a matter of sensitive and highly personal nature," in this case of a minor. *Id*. In such cases, the three-factor balancing test of *Adv. Textile Corp*. applies. *See Doe v. County of El Dorado*, 2:13-cv-01433 KJM (E.D. Cal. Dec 2, 2013) (rejecting the five factor *Kamehameha* test and granting pseudonymity where the risk of retaliation to Plaintiff was as a result of his status as a registered sex offender, and not as a result of filing suit); *Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council*, No. C-12-1830 EMC, 2012 WL 3583023, at *2-3 (N.D. Cal. Aug 20, 2012) (rejecting five factor *Kamehameha* test and granting pseudonymity where plaintiffs' motion raised concerns of a sensitive and highly personal nature, namely plaintiffs' ADD and ADHD diagnoses).

### IV. CHEVRON IDENTIFIED NO PREJUDICE OR PUBLIC INTEREST OUTWEIGHING THE NEED FOR PSEUDONYMITY

Plaintiff's sole claim of prejudice is that it may be hampered in its ability to pursue third party discovery. To the extent the parties cannot stipulate to a suitable solution when discovery is allowed to proceed, courts are well equipped to manage discovery without exposing personal,

sensitive data to the public record.  *See Adv. Textile Corp.*, 214 F.3d 1069 (recognizing district court's ability to use its powers to manage pretrial proceedings to "preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case."); *see also SFBSC Mgmt.*, 77 F. Supp. 3d at 996 (recognizing court's power to "allow plaintiffs' names to be revealed to significant third parties in a way that protects the plaintiffs' interests.").

Chevron also misstates Plaintiff's characterization of the public interest in allowing Plaintiff to proceed pseudonymously, claiming that because Plaintiff has not worked for Chevron for nearly two years, there can be no chilling effect in bringing an action against his former employer.  As noted above, the Ninth Circuit has concluded allowing employment claims to proceed under pseudonyms favors the public interest, *Adv. Textile Corp.*, 214 F.3d at 1073; requiring Plaintiff or other current or former employees to risk exposing their minor children's identities and sensitive information will undoubtedly chill challenges to Chevron's discriminatory conduct.

### III.    CONCLUSION

Plaintiff respectfully requests that the Court permit him to proceed under a pseudonym.

DATED: June 4, 2025

By: */s/ Bryan Schwartz*
Bryan Schwartz (SBN 209903)
Erica Posey (SBN 356109)
BRYAN SCHWARTZ LAW, P.C.
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Tel. (510) 444-9300
Fax (510) 444-9301
Email: bryan@bryanschwartzlaw.com
erica@bryanschwartzlaw.com

*Attorneys for Plaintiff*