GIBSON, DUNN & CRUTCHER LLP
CATHERINE A. CONWAY, SBN 98366
  cconway@gibsondunn.com
JESSE A. CRIPPS, SBN 222285
  jcripps@gibsondunn.com
MEGAN M. LAWSON, SBN 294397
  mlawson@gibsondunn.com
JESSICA DENT, SBN 318216
  jdent@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendants
CHEVRON CORPORATION, and CHEVRON GLOBAL
TECHNOLOGY SERVICES COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>CHEVRON CORPORATION, and CHEVRON GLOBAL TECHNOLOGY SERVICES CO.,<br><br>    Defendants. | CASE NO. 3:25-cv-04534-WHO<br><br>**DECLARATION OF MEGAN M. LAWSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM** |

Gibson, Dunn & Crutcher LLP

LAWSON DECL. ISO DEFS.' OPP. TO PL.'S ADMIN. MOT. FOR LEAVE TO FILE A REPLY IN SUPPORT OF
PL.'S MOTION TO PROCEED UNDER A PSEUDONYM
CASE NO. 3:25-CV-04534 - WHO

I, Megan M. Lawson, declare as follows:

1. I am an attorney admitted to practice law before the United States District Court for the Northern District of California. I work at the law firm of Gibson, Dunn & Crutcher LLP, and am one of the attorneys representing Defendants Chevron Corporation and Chevron Global Technology Services Company ("Defendants") in the above-titled action. I have personal knowledge of the matters stated herein, and if asked to testify about them, I could and would do so competently.

2. Prior to filing Plaintiff's lawsuit, counsel for Plaintiff, Bryan Schwartz and Erica Posey of Bryan Schwartz Law, P.C. were aware that my colleague, Catherine A. Conway, and I represented Defendants in connection with Plaintiff's claims. Ms. Conway and I were listed as recipients of the EEOC's Dismissal and Notice of Rights issued to Plaintiff's counsel on March 3, 2025. Ms. Conway and I also communicated with Mr. Schwartz about Plaintiff's claims before the filing of this lawsuit.

3. On May 27, 2025, Mr. Schwartz inquired whether my office would accept service of Plaintiff's Complaint. Ms. Conway requested a copy of the Complaint.

4. In the morning on May 29, 2025, Ms. Posey provided a caption page for Complaint's and also provided a caption page for Plaintiff's Administrative Motion to Proceed Under a Pseudonym.

5. In the afternoon on May 29, 2025, Mr. Schwartz emailed a copy of the Complaint to Ms. Conway and me. Mr. Schwartz also stated in his email that "[t]he pseudonym motion is being filed now as well" and instructed a member of his team to share "when it's docketed." Shortly after, Plaintiff filed his Administrative Motion to Proceed Under a Pseudonym.

6. On May 30, 2025, Ms. Conway responded to Mr. Schwartz and agreed that Defendants would accept service of the Complaint, effective Monday, June 2, 2025. Ms. Posey replied, "Thank you for confirming." Attached as **Exhibit A** is a true and correct copy of the email correspondence between Plaintiff's counsel and my office described in Paragraphs 4 through 6 above.

7. On June 2, 2025, after Defendants filed a Notice of Appearance in this Action, and the same day Defendants' opposition to Plaintiff's Administrative Motion to Proceed Using a Pseudonym was due, Mr. Schwartz emailed Ms. Conway: "Assume you aren't going to oppose the pseudonym motion, right?" Ms. Conway responded that Defendants would oppose and would file their opposition

1

LAWSON DECL. ISO DEFS.' OPP. TO PL.'S ADMIN. MOT. FOR LEAVE TO FILE A REPLY IN SUPPORT OF PL.'S MOTION TO PROCEED UNDER A PSEUDONYM
CASE NO. 3:25-CV-04534-WHO

that day.  Attached as **Exhibit B** is a true and correct copy of that correspondence, which Ms. Conway forwarded to me.

8.  Plaintiff's counsel did not attempt to meet and confer with Ms. Conway or me before filing his Administrative Motion to Proceed Under a Pseudonym.  Had Plaintiff's counsel asked whether they could meet and confer with my office in connection with Plaintiff's Motion, Ms. Conway and I would have accepted the invitation and explained that Defendants are amenable to discussing safeguards that would allow Plaintiff to proceed in this Action using his name while protecting D.P.'s medical information, including redacting D.P.'s initials and medical information entirely from the public record.  Defendants remain willing to discussing additional safeguards to protect D.P.'s information.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on June 6, 2025, in Los Angeles, California.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Megan Lawson

Megan M. Lawson, Bar No. 294397

Attorneys for Defendants CHEVRON CORPORATION, and CHEVRON GLOBAL TECHNOLOGY SERVICES COMPANY

Gibson, Dunn & Crutcher LLP

2

LAWSON DECL. ISO DEFS.' OPP. TO PL.'S ADMIN. MOT. FOR LEAVE TO FILE A REPLY IN SUPPORT OF PL.'S MOTION TO PROCEED UNDER A PSEUDONYM
CASE NO. 3:25-CV-04534-WHO