UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHEVRON, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-04534-WHO<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM**<br><br>Re: Dkt. Nos. 5, 17, 20, 22 |

Plaintiff John Doe brings claims against his former employers, defendants Chevron Corporation and Chevron Global Technology Services Company (collectively and hereafter "Chevron") for associational disability discrimination and retaliation, among other things. The disability is that of the plaintiff's minor child (referred to as "D.P.") but plaintiff asks the court to shield his own name and personally identifying information from public disclosure. He worries that if that information became public, it would risk exposing the "identity, medical diagnosis, and other sensitive information of Plaintiff's minor child." But the details of plaintiff's child's medical diagnosis are not central to this case and can be guarded through less drastic means than proceeding under a pseudonym.[1] The other relevant factors that I discuss below also weigh against granting plaintiff's request. The Motion is DENIED.

## BACKGROUND

Plaintiff worked at Chevron's offices in California and in its affiliate's location in the Republic of Kazakhstan. Before he worked in Kazakhstan, Chevron required plaintiff and his family to undergo medical evaluations. In that process, plaintiff disclosed medical information

---

[1] Out of respect for plaintiff's concerns, this Order redacts D.P.'s diagnosis and other information that has disclosed or might disclose it.

about his minor children, including that his child "D.P." was diagnosed with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Complaint ("Compl.") [Dkt. No. 1] ¶ 24.

After plaintiff arrived in Kazakhstan in October 2020, he applied to a Chevron-sponsored school seeking enrollment for his minor children. Compl. ¶¶ 25-26; *see also* Answer [Dkt. No. 26] ¶¶ 19, 22. Chevron denied enrollment, allegedly indicating that as a matter of corporate policy, children with so-called "special needs" are not allowed to enroll in Chevron-sponsored schools. Compl. ¶ 43.[2] Thereafter, plaintiff "triggered Chevron's dispute resolution policy to address concerns that this [denial] constituted discrimination against him and other employees with disabled children." Mot. 2; Compl. ¶ 45.

Plaintiff alleges that after he initiated that dispute resolution policy he was subjected to retaliation, "including the early termination of his lucrative expatriate assignment and being informed that his employment with Chevron would end." Mot. 2; Compl. ¶ 54. Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") and the California Civil Rights Department. The defendants are aware of plaintiff's identity. Declaration of John Doe ("Doe Decl.") [Dkt. No. 5-1].

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties," reflecting the "paramount importance of open courts," and the "default presumption [ ] that plaintiffs will use their true names." Fed. R. Civ. P. 10(a); *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010) ("*Kamehameha*")). "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008). To proceed anonymously, a plaintiff must show "special circumstances" demonstrating that his "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does 1 through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir.

---

[2] In the Answer, defendants deny this allegation. Answer [Dkt. No. 26] ¶ 43.

2000).

## DISCUSSION

The Ninth Circuit has identified three situations in which parties have been allowed to proceed anonymously. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Here, plaintiff asserts one: when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. Motion ("Mot.") [Dkt. No. 5] 2; *see also Doe v. John F Kennedy Univ.*, 2013 WL 4565061, at *3 (N.D. Cal. Aug. 27, 2013) (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

Plaintiff wishes to prosecute his case anonymously to keep his minor child's medical information from becoming a matter of public knowledge; he fears that if his own name and personally identifying information are publicly disclosed, that risks exposing the identity, medical diagnosis, and other sensitive information about his minor child, which will in turn threaten mental harm to D.P. Motion 1. This constitutes a request to preserve his and his child's privacy in a matter of a sensitive and highly personal nature, and to protect his child from mental harm. As such, to proceed anonymously, plaintiff must show that his "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.[3]

Defendants have two main arguments against plaintiff proceeding anonymously. First, plaintiff has already disclosed his identity through prior litigation, mooting the need for anonymity. Second, less drastic measures are sufficient to protect D.P.'s privacy interests in this

---

[3] Defendants argue that I should apply the five-factor balancing test articulated by the Ninth Circuit in *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010), but I disagree. That balancing test is appropriate when the plaintiff who seeks leave to proceed anonymously identifies a fear of retaliation arising from filing the suit, which itself in whole or in part explains his or her pursuit of anonymity. That is not the case here; the underlying suit asserts retaliation by Chevron, but plaintiff identifies no fear of retaliation for filing it. Indeed, defendants already know plaintiff's identity and the identity of his child. Here, the appropriate test is the three-factor *Adv. Textile Corp.* test, which weighs the moving party's need for anonymity against prejudice to the non-moving party and the public interest. *See Adv. Textile Corp.*, 214 F.3d at 1068.

3

case.

### A.     Prior Disclosure

Defendants argue that there is "no need for anonymity" here, because plaintiff cannot demonstrate that the information he seeks to protect is, in fact, private. They point out that plaintiff has already disclosed information pertaining to himself and his child at least twice without the use of a pseudonym. See Declaration of Megan Lawson ("Lawson Decl.") Exs. A, B.[4] The first instance was ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ That ▉▉▉ led to a decision ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, using the plaintiff's name ▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Lawson Decl. Ex. B. The second instance is an April 23, 2024, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉ Lawson Decl. Ex. C▉▉▉▉▉▉▉▉, plaintiff used his own name, but redacted D.P.'s name and diagnosis. Id. Defendants say that the foregoing shows that plaintiff has not shown a need to proceed pseudonymously because he has not acted to preserve his anonymity up to this point.

I do not credit the defendants' argument that plaintiff's filing of the two complaints in Kazakhstan constitutes disclosure of his and his child's personal information in such a way that would render his efforts to proceed pseudonymously here moot.[5] The actions that the defendants point to were both filed outside of this country, ▉▉▉▉▉▉▉▉▉, in Russian. That does not

---

[4] Defendants filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed, pertaining to the court records attached as Exs. A and B to defendants' Opposition. Dkt. No. 17. As these documents contain the minor child's full name, and are not of interest to the public, they shall remain filed under seal. The same is true for the unredacted exhibit filed at Dkt. No. 22-1 (Exhibit A).

[5] Plaintiff filed an administrative motion for leave to file a reply in support of his Motion, attaching his proposed reply, which the defendants opposed on procedural grounds. See Dkt. Nos. 20, 21. Having reviewed the proposed Reply, I can conclude that if I were to allow the Reply to be filed, its contents would not persuade me one way or the other. As such, the issue is moot.

constitute prior disclosure in this forum.

### B. D.P.'s Condition is Not Central to the Case

I do credit the defendants' argument that less drastic measures can protect D.P.'s privacy interests, and their analogy to those cases where plaintiffs have prosecuted under their own names despite the case involving a child with special needs. Here, as in those cases, the facts about D.P.'s disability will not be central to this case. *See e.g. Bridges v. Cal. Dep't of Corr. and Rehab.*, 2023 WL 6626165, at *1 (E.D. Cal. Oct. 11, 2023) (where the named plaintiff sued her former employer, the CDCR, alleging that the CDCR retaliated against her after she took time off under the Family Medical Leave Act to care for her son who was diagnosed with autism, but where the specifics of the child's diagnosis were not central to litigation); *Kannan v. Apple Inc.*, No. 5:17-cv-07305-EJD, 2020 WL6135994 (N.D. Cal. Oct. 19, 2020) (where the named plaintiff sued his former employer for, among other things, discrimination based on relationship to a person with a disability in violation of the ADA after plaintiff had taken time off to care for his son with autism). In both *Bridges* and *Kannan*, the minor child was referred to solely by their initials, but the plaintiff was identified by name.

Defendants also compare this case directly to one out of the United States District Court for the Middle District of Tennessee, *Doe v. Metro. Gov't of Nashville and Davidson Cnty., Tenn.*, where the court granted the defendants' Motion to Remove the Pseudonym over the plaintiff's opposition, explaining that the plaintiff was not going to be forced to disclose intimate information about her son's medical diagnosis in the retaliation lawsuit that she brought on her own behalf against her former employer, so she did not need to proceed anonymously. 2022 WL 2293898 (M.D. Tenn. Jun. 24, 2022). The court concluded that the plaintiff should proceed under her own name because "the disclosure of her identity will not automatically result in the disclosure of her child's." *Id.* at *4. There, the issue driving resolution of the plaintiff's claims was whether "the plaintiff—not her minor child—was subjected to retaliation or discrimination." *Id.* As such, the details of her child's medical diagnosis would not play a central role in the litigation and could be redacted around when necessary to prevent any details about the child's diagnosis from being linked back to the child via the parent's lawsuit.

The same is true here. The issue driving resolution of the case is whether Chevron subjected plaintiff to retaliation after learning of his child's medical diagnosis. The details of that diagnosis are unlikely to come up in litigation. To the extent that D.P.'s medical history or diagnosis details must be discussed, they may be redacted when appropriate, to preserve D.P.'s privacy. Pursuant to Fed. R. Civ. P. 53(a)(3), D.P. has been and will remain referred to by initials only on all filings, and any discovery conducted into D.P.'s medical records will be safeguarded by a protective order. The mere use of plaintiff's name throughout the course of this lawsuit prosecuting what he alleges was retaliation against him by Chevron will not disclose his minor child's sensitive medical information.

Moreover, ▮ diagnosis by itself is not the kind of uncommon or socially stigmatized medical condition the potential disclosure of which courts have held justify proceeding pseudonymously. *See e.g. Doe v. Rostker,* 89 F.R.D. 158, 161 (N.D. Cal. 1981) ("The most common instances [in which plaintiffs were permitted to proceed anonymously] are cases involving abortion, mental illness, personal safety, . . . and illegitimate or abandoned children in welfare cases."); *Dep't of Fair Employment & Hous. v. Law School Admission Council, Inc.,* Case No. C–12–1830 EMC, 2012 WL 3583023 at *4 (N.D. Cal. Aug. 20, 2012) (holding that ADHD is not an "especially uncommon disorder[ ]" or one that "carr[ies] a particular risk of social stigmatization"); *Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997) (holding that disclosure of plaintiff's obsessive-compulsive disorder did not warrant use of a fictitious name). In short, the possibility that ▮ diagnosis might be connected to D.P. via D.P.'s father's litigation in this case does not weigh heavily in favor of plaintiff's anonymity.

Plaintiff offers no case where the mere fact of a non-plaintiff child's ▮ was found by a court to weigh in favor of the child's plaintiff parent proceeding anonymously.[6] As such, even if the threatened harm were to come to pass, and somehow plaintiff's prosecuting his

---

[6] Those cases in this circuit where a parent plaintiff has proceeded pseudonymously to protect their child's privacy were cases where the child's ▮ diagnosis was central to the case. For example, in *Doe v. United Behavioral Health,* plaintiff Jane Doe proceeded under a pseudonym as a representative to her minor son, suing their health insurance company in a case that necessarily considered the intricate details of an ▮ diagnosis. 532 F. Supp. 1119 (N.D. Cal. 2021).

6

former employer in California were to connect his child's ▮▮▮▮ back to D.P. (who lives and attends middle school in ▮▮▮▮ D.P. would face relatively little harm. A mere reference to an ▮▮▮▮ is not the kind of harm courts cite when granting motions such as this. *See John F Kennedy Univ.*, No. C-13-01137 DMR, 2013 WL 4565061, at *4.

With respect to prejudice and the public interest, the final two factors I consider, allowing plaintiff to proceed anonymously would hinder the defendants' ability to defend themselves. Defendants plan to seek discovery from third parties such as plaintiff's current employer, and if he were to proceed under a pseudonym, that quest would be hampered. And the public always has an interest in the "openness" of the courts, which is not here outweighed by plaintiff's need for anonymity. *Adv. Textile Corp.*, 214 F.3d at 1067 ("Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings [internal citations omitted] and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'"). In sum, all three factors I must consider weigh against allowing plaintiff to proceed under a pseudonym.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 7, 2025

William H. Orrick
United States District Judge